UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SMALL BUSINESS LENDING, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 1:18-cv-02712-JMS-TAB |
| *vs.* | ) | |
| | ) | |
| DAVID PACK, | ) | |
| | ) | |
| *Defendant.* | ) | |

## **ORDER**

Plaintiff Small Business Lending, LLC ("SBL"), a financial brokerage firm, initiated this litigation against Defendant David Pack, alleging that he breached the terms of an independent contractor agreement (the "Agreement") whereby Mr. Pack agreed to perform certain duties related to obtaining customers for SBL. SBL asserted claims against Mr. Pack for breach of contract, breach of fiduciary duties/violation of the Indiana Trade Secrets Act, and unjust enrichment, and sought both a preliminary and permanent injunction. The Court denied a Motion for Preliminary Injunction filed by SBL, [Filing No. 68], and ultimately granted Mr. Pack's Motion for Summary Judgment on all of SBL's claims and entered final judgment in the case, [Filing No. 99; Filing No. 100]. Subsequently, Mr. Pack filed a Bill of Costs, [Filing No. 101], and a Motion for Costs, Attorney Fees, and Expenses, [Filing No. 104], to which SBL objects. Both are now ripe for the Court's decision.

## I.
### BACKGROUND

SBL initiated this litigation in Marion Superior Court and, on August 30, 2018, Mr. Pack removed the case to this Court based on diversity jurisdiction. [Filing No. 1.] Shortly thereafter, Mr. Pack moved to dismiss the case for lack of personal jurisdiction, [Filing No. 9], but the Court

found that the Agreement was valid, that the forum selection clause in the Agreement established that the Court had jurisdiction over the matter, and that all of SBL's claims arose out of the Agreement and were, therefore, subject to the forum selection clause.  [Filing No. 26.]

After the Court's ruling on Mr. Pack's Motion to Dismiss, various settlement discussions took place and numerous discovery disputes ensued.  [*See* Filing No. 105 at 4-8 (Mr. Pack detailing settlement discussions, discovery disputes related to written discovery, and issues which arose during the deposition of Robin Green, the president and Chief Executive Officer of SBL).]  On March 22, 2019, SBL filed a Motion for Preliminary Injunction, [Filing No. 40], and the Court denied the motion on July 30, 2019, finding that SBL had not shown:

- that it would suffer irreparable harm in the period before the resolution of its claims;

-  that there was no adequate remedy at law; or

- that it was likely to succeed on the merits of its claims.

[Filing No. 68 at 14-26.]

Mr. Pack filed a Motion for Summary Judgment on October 21, 2019, [Filing No. 80], and the Court granted the motion on April 8, 2020, but ordered Mr. Pack's counsel to effectuate destruction of a laptop hard drive on which SBL claimed Mr. Pack had saved information in violation of the Agreement, [Filing No. 99].  Mr. Pack's counsel effectuated destruction of the laptop on April 28, 2020.  [Filing No. 110; Filing No. 110-1.]

On April 22, 2020, Mr. Pack filed his Bill of Costs in which he seeks $1,601.10 in costs. [Filing No. 101.]  The same day, he filed his Motion for Costs, Attorney Fees, and Expenses, in which he requests that the Court award him $30,000 in fees, costs, and expenses against SBL and Ms. Green, jointly and severally, "[b]ut if any objection or appeal is filed, he requests, in the

alternative, that $50,345.01, plus any supplemental fees, costs, and expenses, be taxed instead."

[Filing No. 105 at 26.]

## II.
### DISCUSSION

At the outset, the Court notes that both Mr. Pack and SBL veer off on tangents in their briefs, discussing various isolated events that occurred during the course of the litigation and levying personal attacks against each other and their counsel. The Court will only discuss these tangents to the extent they are relevant to the issue presented: whether Mr. Pack is entitled to an award of attorneys' fees, costs, and expenses from SBL and Ms. Green. For the most part, the incidents and accusations are not relevant and the Court will not address them. That said, the Court turns first to the issue of whether Mr. Pack is entitled to the award of attorneys' fees.

### A. Request for Attorneys' Fees

Mr. Pack seeks attorneys' fees under Indiana Code § 34-52-1-1, Indiana Code § 24-2-3-5, Indiana common law, the Agreement, and Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A). The Court first addresses his entitlement to attorneys' fees under the Agreement, which provides that:

> Should any party initiate litigation, arbitration, mediation or any other legal proceeding ("Proceeding") against another party to enforce, interpret or otherwise seek to obtain legal or judicial relief in connection with this Agreement, the prevailing party in said proceeding shall be entitled to recover from the unsuccessful party any and all legal fees, cost[s], expenses, attorney's fees and any other cost or expense and fees arising from (a) such proceeding, whether or not such proceeding progresses to judgment, and (b) any post-judgment or post-award proceeding, including without limitation, one to enforce any judgment or award resulting from any such Proceeding. Any such judgment or award shall contain a specific provision for the recovery of all such attorney's fees, costs, and expenses, as well as specific provisions for the recovery of all such subsequently incurred costs, expenses and actual attorney's fees.

[Filing No. 1-1 at 30.]

Mr. Pack seeks attorneys' fees under the Agreement, arguing that "[t]he contract that SBL chose to adopt and then chose to litigate contains a mandatory fee-shifting provision for all attorney's fees, expenses, and costs to be assessed against the non-prevailing party…. SBL cannot be heard to complain if the Court follows SBL's own contract." [Filing No. 105 at 22.] Mr. Pack asserts that all of the claims touched on the Agreement, so they "fall within the scope of the fee-shifting clause." [Filing No. 105 at 22.]

In its response, SBL argues that Mr. Pack has filed his motion knowing that SBL is defunct, and that Mr. Pack's "attempt to seek fees, costs and expenses is akin to trying to get blood out of a turnip." [Filing No. 118 at 1.] It also argues that Mr. Pack's attorneys' fees are higher than they should be because Mr. Pack initiated litigation related to unpaid commissions in South Carolina when he should have done so in Indiana, and Mr. Pack unnecessarily multiplied the legal proceedings by forcing SBL to attend an initial pretrial conference in Marion Superior Court instead of filing his Notice of Removal before the conference. [Filing No. 118 at 2-3.] SBL contends that Mr. Pack should not have removed the case to this Court because his assertion that the amount in controversy was greater than $75,000 was "not legitimate," and that Mr. Pack's Motion to Dismiss prolonged the litigation. [Filing No. 118 at 3-4.] It asserts that Mr. Pack should not be considered the "prevailing party" in the litigation because he first initiated litigation in South Carolina which resolved in SBL's favor, this litigation resulted in Mr. Pack ceasing holding himself out as a representative and agent of SBL and in him destroying the laptop hard drive, and SBL prevailed on Mr. Pack's Motion to Dismiss. [Filing No. 118 at 5-6.]

In his reply, Mr. Pack argues that it is not clear that SBL is defunct, and that proceedings supplemental may demonstrate that it is not. [Filing No. 120 at 2.] He also contends that his counsel was not involved in the litigation in South Carolina, that he timely removed the lawsuit,

- 4 -

and that the Court has found that jurisdiction is proper multiple times.  [Filing No. 120 at 3-4.]

Mr. Pack asserts that the fact that he lost his Motion to Dismiss does not mean he is not the

prevailing party, and that the fact that he prevailed on his Motion for Summary Judgment is what

is relevant.  [Filing No. 120 at 4.]

SBL filed a surreply in which it reiterated many of its arguments.[1]  [Filing No. 121.]

In order to recover attorneys' fees under the Agreement, Mr. Pack must be the "prevailing

party" in the lawsuit.  The Court rejects SBL's argument that because Mr. Pack did not prevail in

the South Carolina litigation, he is not the prevailing party in this case.  The South Carolina

litigation involved claims asserted by Mr. Pack for unpaid commission, Mr. Pack's counsel was

not involved in that litigation, and attorneys' fees related to that litigation are not sought in the

pending motion.

Additionally, the Court finds unavailing SBL's argument that it is the prevailing party

because Mr. Pack stopped holding himself out as an SBL representative and destroyed the laptop

hard drive, and because SBL defeated Mr. Pack's Motion to Dismiss.  The Agreement does not

define "prevailing party," but the Court looks to case law construing the term "prevailing party" in

the context of recovering fees through a Bill of Costs for guidance.  Federal Rule of Civil Procedure

54 provides that costs should be awarded to the "prevailing party," and a party is considered the

---

[1] SBL argued in its surreply that Mr. Pack's counsel improperly included a communication between
SBL's counsel and Ms. Green in his reply brief.  [Filing No. 121 at 1.]  The email, in which SBL's
counsel advised Ms. Green that he believed SBL's claims were not likely to succeed, was
forwarded by Ms. Green to counsel for Mr. Pack, and Mr. Pack included the email in his reply
brief to support his argument that SBL refused to dismiss the case even after knowing the claims
were meritless.  [Filing No. 120 at 8-9.]  The email is not relevant to whether the award of fees is
appropriate under the Agreement, but the Court notes that it gave Mr. Pack's counsel an
opportunity to respond to SBL's allegations of improper conduct, [Filing No. 125], Mr. Pack's
counsel did so, [Filing No. 127], and the Court finds that Mr. Pack's counsel did not engage in any
improper conduct related to the email.

"prevailing party" "if it prevails as to a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (quotation and citation omitted); *see also First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) ("As used in Rule 54(d), 'prevailing party' means a party who has obtained some relief in an action even if that party has not sustained all of his or her claims"). Where there are mixed results in a case, "the district court has the discretion to determine whether a party meets that standard." *Baker*, 856 F.3d at 502.

Here, SBL had a few small victories: it successfully opposed Mr. Pack's Motion to Dismiss, and Mr. Pack ultimately destroyed the laptop hard drive on which SBL claims he had saved information to which he was not entitled. But Mr. Pack's track record in the litigation is much stronger. He successfully opposed SBL's Motion for Preliminary Injunction, and he prevailed on his Motion for Summary Judgment as to all of SBL's claims. As a result, SBL did not obtain either the injunction it requested or the damages it sought. The Court finds that Mr. Pack is the "prevailing party" in the litigation – SBL sued him for damages and injunctive relief, he prevailed on SBL's Motion for Preliminary Injunction and his Motion for Summary Judgment, and the Court entered final judgment in his favor on all of SBL's claims.

Having found that Mr. Pack is the "prevailing party," he is entitled to an award of attorneys' fees under the Agreement. The Court, in its discretion, finds that only reasonable attorneys' fees should be awarded, however. Determining what attorneys' fees are reasonable is a "contextual and fact-specific" inquiry. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The party seeking attorneys' fees must submit appropriate documentation to meet the burden of establishing entitlement to a fee award. *Fox v. Vice*, 563 U.S. 826, 838 (2011). However, the determination of fees "should not result in a second major litigation." *Id.* (internal quotations and citations omitted). "[T]rial courts may take into account their overall sense of a suit, and may use estimates

in calculating and allocating an attorney's time." *Id.* Courts "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

SBL does not specifically address any of Mr. Pack's counsel's time entries, arguing instead that the attorneys' fees he seeks are generally too high because Mr. Pack protracted the litigation by filing his commission lawsuit in South Carolina, forcing SBL's counsel to attend an initial pretrial conference in Marion Superior Court before removing the lawsuit, removing the case when jurisdiction was questionable, and filing a Motion to Dismiss. First, as discussed above, Mr. Pack's counsel was not involved in the separate South Carolina litigation, and does not seek fees related to that litigation. Second, Mr. Pack timely removed the lawsuit and the fact that an initial pretrial conference (which ended up being unnecessary) was scheduled to take place in Marion Superior Court before the removal is irrelevant. Third, the Court found early on in this case that Mr. Pack had "discharged his obligation to set forth a 'plausible, good-faith estimate[]' that the amount in controversy in this matter exceeds the statutory threshold, exclusive of interest and costs." [Filing No. 17 at 1-2 (citation omitted).] It found that "[[j]urisdiction in this Court appears to be appropriate," and ordered SBL, "should it continue to believe that remand is required…, to file a motion for remand on or before November 2, 2018." [Filing No. 17 at 2 (emphasis omitted).] SBL never filed a motion to remand, and any challenges it now makes to the Court's jurisdiction are long overdue and unfounded. Finally, because Mr. Pack's Motion to Dismiss was not successful, the Court agrees that attorneys' fees related to that motion should not be awarded. It does not find, however, that filing the motion was in any way frivolous or unreasonably protracted the litigation.

Of the attorneys' fees that Mr. Pack seeks, $4,224 appears to be related to the Motion to Dismiss. [Filing No. 104-2 at 12-14.] SBL does not object to Mr. Pack's counsel's hourly rate,

and the Court finds that rate to be reasonable.  Accordingly, the Court **GRANTS** Mr. Pack's

Motion for Costs, Attorney Fees, and Expenses, [Filing No. 104], to the extent it finds that Mr.

Pack is entitled to an award of **$45,177** ($49,401 minus $4,224)[2] in attorneys' fees under the

Agreement.[3]

### B.  Request for Costs and Expenses

Mr. Pack filed a Bill of Costs in which he seeks $1,601.10 in costs including:

- the $400 filing fee;

- $1,196.10 for "[f]ees for printed or electronically recorded transcripts
  necessarily obtained for use in the case," comprised of:

  o $831.50 for the transcript of Ms. Green's deposition;

  o $335.80 for the transcript of part of a May 13, 2019 hearing, including the
    testimony of Ms. Green and a discussion of Mr. Pack's laptop; and

  o $28.80 for the transcript of part of a May 13, 2019 hearing, including the
    testimony of Mr. Pack; and

- $5.00 for docket fees related to Mr. Pack's Motion for Summary Judgment.

---

[2] The $49,401 figure includes the $45,936 in attorneys' fees included in the invoices submitted with Mr. Pack's initial brief in support of his Motion for Costs, Attorney Fees, and Expenses, [Filing No. 104-2 at 5-15], and the $3,465 in additional attorneys' fees included as an exhibit to Mr. Pack's counsel's Supplemental Declaration, [Filing No. 119-1], and reflecting fees incurred in connection with the Motion for Costs, Attorney Fees, and Expenses.

[3] Mr. Pack also seeks attorneys' fees and certain costs under Ind. Code § 34-52-1-1, Ind. Code § 24-2-3-5, Indiana common law, Fed. R. Civ. P. 16, and Fed. R. Civ. P. 37.  [Filing No. 105.]  Mr. Pack states in his brief in support of his motion that while all amounts he seeks can be awarded under the Agreement, "if, as SBL's counsel has suggested, Ms. Green has not left sufficient money in SBL to pay a fee and cost award to Mr. Pack the additional findings required under the statutory and/or common-law grounds will be relevant on proceedings supplemental."  [Filing No. 105 at 15.]  Mr. Pack does not explain why such findings are necessary and, because the Court has found that the award of attorneys' fees and costs is warranted under the Agreement, it will not consider these additional grounds for recovery.

[Filing No. 101; Filing No. 101-1 through Filing No. 101-3.]  Mr. Pack argues that he is entitled to the costs set forth in his Bill of Costs because he is the prevailing party, and he seeks "only statutorily authorized items."  [Filing No. 105 at 14-15.]  He seeks an additional $2,807.91 in expenses in his Motion for Costs, Attorney Fees, and Expenses.  [Filing No. 104-2.]

In response, SBL argues that Mr. Pack is not entitled to any costs or expenses associated with litigation that Mr. Pack initiated against SBL in South Carolina for unpaid commissions, because Mr. Pack ultimately dismissed his claims in that lawsuit.  [Filing No. 118 at 5.]  SBL also asserts that it "cannot be said to be the unsuccessful party" in this case because the litigation "resulted in Mr. Pack stopping holding himself out as a representative and agent of SBL," the Motion to Dismiss was resolved in favor of SBL, and the Court ordered that Mr. Pack's laptop be destroyed.  [Filing No. 118 at 5-6.]  SBL contends that Mr. Pack's request for costs and expenses "is fundamentally flawed, in that it looks at the results of the litigation from a narrow snapshot of a lens focused on the summary judgment order, which multiple issues were all resolved in SBL's favor along the way, showing that SBL was not the unsuccessful party to the litigation."  [Filing No. 118 at 6.]

In his reply, Mr. Pack argues that his counsel was not involved in the South Carolina litigation, and he does not seek costs or expenses associated with that litigation.  [Filing No. 120 at 3.]  He also asserts that he was the prevailing party in the litigation, as the Court's entry of judgment was completely in his favor.  [Filing No. 120 at 4-5.]

SBL reiterates many of its arguments that Mr. Pack is not the prevailing party in a surreply.  [Filing No. 121 at 3-5.]

Federal Rule of Civil Procedure 54(d)(1) states that, unless a statute, rule, or court order provides otherwise, costs should generally be awarded to the "prevailing party."  Fed. R. Civ. P.

54(d)(1).  "The process for awarding court costs is intended to be summary."  *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008).  The district court should not resolve arguments regarding the winning party's strategy in litigating the case, *id.*, but nonetheless must discern whether the claimed costs were "reasonable and necessary," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).  The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).  28 U.S.C. § 1920 sets forth the costs a district court may tax to the losing party, which include "[f]ees of the clerk," "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and certain "[d]ocket fees."  28 U.S.C. § 1920(1), (2), and (5).

As discussed above, the Court finds that Mr. Pack is the prevailing party in this litigation. As to the costs Mr. Pack sets forth in his Bill of Costs, SBL does not challenge the necessity or reasonableness of any items.  The Court finds that Mr. Pack is entitled to payment of the following costs, which are reimbursable by statute, as the "prevailing party."  Specifically: (1) the $400 filing fee is reimbursable as a "[f]ee[] of the clerk,"  28 U.S.C. § 1920(1); (2) the $1,196.10 associated with transcripts of proceedings is reimbursable as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2); and (3) the $5.00 docketing fee for Mr. Pack's Motion for Summary Judgment is reimbursable under 28 U.S.C. § 1923.[4]  The Court **GRANTS** Mr. Pack's Bill of Costs, [Filing No. 101], and his Motion for Costs, Attorney Fees, and Expenses, [Filing No. 104], to the extent that it awards Mr. Pack **$1,601.10** in costs.

---

[4] The costs Mr. Pack seeks are also recoverable under the Agreement, which provides that "the prevailing party…shall be entitled to recover from the unsuccessful party any and all….cost[s]…arising from…such proceeding…."  [Filing No. 1-1 at 30.]

Mr. Pack also seeks $2,807.91 in expenses, presumably under the Agreement, which provides that the prevailing party in the litigation "shall be entitled to recover from the unsuccessful party any and all…expenses…arising from…such proceeding…." [Filing No. 1-1 at 30.] SBL has not specifically objected to any of the expenses Mr. Pack seeks under the Agreement, and the Court finds that none appear to relate to the Motion to Dismiss and that all seem reasonable and necessary.  The Court **GRANTS** Mr. Pack's Motion for Costs, Attorney Fees, and Expenses, [Filing No. 104], to the extent it finds that Mr. Pack is entitled to **$2,807.91** in expenses under the Agreement.

### C. Request That Ms. Green Be Jointly and Severally Liable for the Attorneys' Fees, Costs, and Expenses

Mr. Pack requests that the Court hold Ms. Green jointly and severally liable for his attorneys' fees, costs, and expenses.  [Filing No. 105 at 23.]  He argues that under Fed. R. Civ. P. 26(g), a signature on a discovery response is a certification that the response is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law," and that where a certification violates the rule, the signing party can be subject to a sanction.  [Filing No. 105 at 23.]  Mr. Pack contends that Ms. Green signed SBL's interrogatory responses (including a response itemizing the damages and trade secrets associated with SBL's claims), that "SBL did not have any valid claims," and that "[h]er signature purporting to itemize the damages and trade secrets associated with those claims was, therefore, in violation of Federal Rule of Civil Procedure 26(g) and should subject her to all of Mr. Pack's fees, costs, and expenses thereafter, given that that interrogatory response was never revised."  [Filing No. 105 at 24.]  Mr. Pack asserts that Ms. Green "cannot hide behind the corporate veil when her own misdeeds have caused harm."  [Filing No. 105 at 24.]  He also argues that the Court has discretion to use its inherent authority to sanction Ms. Green, a non-party, for signing the Complaint,

directing SBL to file the Complaint, and "allow[ing] SBL to reject Mr. Pack's offers of a walk-away." [Filing No. 105 at 25.]

In response, SBL argues that Mr. Pack essentially seeks a discovery sanction against Ms. Green, even though she is a non-party who was signing on behalf of a legal entity, the discovery was directed at SBL, and the case is closed. [Filing No. 118 at 13.] It asserts that the Agreement does not permit Mr. Pack to seek attorneys' fees, costs, or expenses from Ms. Green. [Filing No. 118 at 14.]

In his reply, Mr. Pack argues that Ms. Green's "personal participation in discovery misconduct is a ground for sanctions without resort to veil piercing." [Filing No. 120 at 10.] He also contends that veil piercing is "a readily available sanction for litigation misconduct." [Filing No. 120 at 10.]

Mr. Pack cites *Johnson v. Kakvand*, 192 F.3d 656 (7th Cir. 1999), for the proposition that "Ms. Green cannot hide behind the corporate veil when her own misdeeds have caused harm." [Filing No. 105 at 24.] The district court in *Johnson* sanctioned the president of a company individually for discovery violations which included "repeatedly obstruct[ing] legitimate discovery efforts," and "resist[ing] and frustrat[ing] discovery at every turn," and the Seventh Circuit Court of Appeals affirmed that decision. *Id.* at 660-61. *Johnson* is significantly distinguishable from this case because the company president was a party to the lawsuit – Ms. Green is not – and there was a pattern of him personally and repeatedly obstructing discovery. The Court finds no such pattern here.

To the extent Mr. Pack seeks to pierce the corporate veil in order to impose joint and several liability on Ms. Green for attorneys' fees, costs, and expenses, that effort also fails as presented in this motion. Under Indiana law, a court should consider the following factors in determining

whether to pierce the corporate veil: "(1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporate shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form." *Beyers v. Consol. Ins. Co.*, 2020 WL 2539134, at *3 (S.D. Ind. 2020) (citing *Oliver v. Pinnacle Homes, Inc.*, 769 N.E.2d 1188, 1192 (Ind. Ct. App. 2002)).  Mr. Pack alludes to undercapitalization, but does not provide any evidence that SBL was undercapitalized.  And Mr. Pack has not shown that any of the remaining factors are at play in this case.  More than signing a Complaint or discovery responses on behalf of a company that ultimately loses a case is needed to pierce the corporate veil, and Mr. Pack has not made that showing at this time.[5]

Finally, while "[a] district court has inherent authority to sanction conduct that abuses the judicial process," *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008), the Court finds that circumstances warranting an exercise of that inherent authority are not present here.  Ms. Green signed the Complaint and discovery responses in her capacity as president and CEO of SBL and, while there may have been a point in the litigation when SBL should have known that its claims had little chance of success, the Court does not find Ms. Green's actions as SBL's president and CEO to be so egregious as to warrant holding her jointly and severally liable for Mr. Pack's attorneys' fees, costs, and expenses.

In sum, Ms. Green is not a party to this litigation, and her involvement in this litigation does not warrant the imposition of joint and several liability for Mr. Pack's attorneys' fees, costs,

---

[5] The Court notes that should proceedings supplemental reveal facts support the piercing of the corporate veil, this ruling does not foreclose raising such argument in that context.

or expenses – either through piercing the corporate veil, based on the Court's inherent authority, or otherwise. The Court **DENIES** Mr. Pack's Motion for Costs, Attorney Fees, and Expenses, [Filing No. 104], to the extent that it finds that only SBL is liable for the attorneys' fees, costs, and expenses awarded in this Order.

### III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Mr. Pack's Motion for Costs, Attorney Fees, and Expenses, [104], and **GRANTS** his Bill of Costs, [101], to the extent that it awards Mr. Pack **$49,595.01**, which includes: (1) **$45,177.00** in attorneys' fees; (2) **$1,610.10** in costs; and (3) **$2,807.91** in expenses. The Court **DENIES IN PART** Mr. Pack's Motion for Costs, Attorney Fees, and Expenses, [104], to the extent that it finds that only SBL is liable for the awarded attorneys' fees, costs, and expenses, and not Ms. Green.

The post-judgment filings in this case reflect persistent acrimony between the parties and also their counsel. Nevertheless, the Court is hopeful that, given SBL's financial condition, the parties can reach an agreement on Mr. Pack's attorneys' fees, costs, and expenses and avoid further Court involvement in proceedings supplemental.

Date: 7/20/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

- 14 -